By the Court.
The record shows that a judgment was- recovered against..a married woman, and an execution *469 issued upon it was placed in the hands of a constable who levied the same on the wearing apparel and household goods of the judgment debtor, who claimed the property was exempt from execution, and demanded that it be set off to her as so exempt; but the constable refused to comply with the demand, sold the property, and applied the proceeds in satisfaction of the judgment. The debtor thereupon sued the constable and the sureties on his bond, for the value of the property, and recovered. At the time of the levy and sale the debtor was a resident of Ohio, and not the owner of a homestead, nor of any personal property except that levied on and sold, but she was living separate from her husband, and supporting herself, having separated from him about five years prior to the levy, in consequence of his intemperance and failure to support her; and she had no daughter or minor child living with her. The question is, was the property exempt? We think it was. Section 5319 of the Revised Statutes, provides that: “When a married woman sues or is sued, like proceeding shall be had, and judgment rendered and enforced, as if she was unmarried, and her property and estate shall be liable for the judgment against her, but she shall be entitled to the benefit of all exemptions to heads of families. ’ ’ This last clause of the section does not mean, that to entitle the married woman to such exemptions she must be the head of a family, but that she is entitled to all exemptions that are allowed by law to the head of a family, and it is not essential to her right to them that she shall be living with her husband, or have a child or children living with, or supported by her."

Judgment affirmed.